IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHARLES SCOTT,                              :
                                            :
             Petitioner,                 :
                                            :
   v.                                       :    Civ. Act. No. 19-1072-LPS
                                            :
ROBERT MAY, Warden, and                     :
ATTORNEY GENERAL OF THE                     :
STATE OF DELAWARE,                          :
                                            :
             Respondents.                :

---

## MEMORANDUM OPINION

Charles Scott. *Pro Se* Petitioner.

Matthew C. Bloom, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

September 9, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Memorandum in Support (collectively referred to as "Petition") filed by Petitioner Charles Scott ("Petitioner"). (D.I. 1; D.I. 3) The State has filed a Motion to Dismiss the Petition as time-barred under the limitations period prescribed in 28 U.S.C. § 2244, to which Petitioner has filed a Reply. (D.I. 14; D.I. 16) For the reasons discussed, the Court will grant the Motion and dismiss the Petition as time-barred.

## II. BACKGROUND

In November 1992, a Delaware Superior Court jury found Petitioner guilty of first degree murder and possession of a deadly weapon during the commission of a felony ("PDWDCF"). *See Scott v. State*, 637 A.2d 829 (Table), 1994 WL 35412, at *1 (Del. Feb. 3, 1994). Petitioner was eighteen years old at the time of the crime. (D.I. 14 at 4) The Superior Court sentenced Petitioner on January 8, 1993 to life in prison for the first degree murder conviction and to five years in prison for the PDWDCF conviction. (D.I. 16 at 2) Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence on February 3, 1994. *See Scott*, 1994 WL 35412, at *1.

On March 22, 2013, Petitioner filed in the Superior Court a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 16 at 2) The Superior Court appointed counsel to represent Petitioner, who filed an amended Rule 61 motion on Petitioner's behalf on February 8, 2016. *See State v. Scott*, 2017 WL 5075412, at *1 (Del. Super. Ct. Oct. 30, 2017). On October 30, 2017, the Superior Court denied as time-barred all the claims raised in the original *pro se* Rule 61 motion and the single claim raised the amended Rule 61 motion. *See id.* at *4. Petitioner appealed, and the Delaware Supreme Court affirmed the judgment on July 19, 2018. *See Scott v. State*, 191 A.3d 290 (Table), 2018 WL 3478949, at *2 (Del. July 19, 2018).

III.  **ONE YEAR STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner's § 2254 Petition, filed in 2019, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B) or (D). Petitioner does, however, allege that he is entitled to a later starting date of June 25, 2012 under § 2244(d)(1)(C) because that is the date on which the United States Supreme Court issued its decision in *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held that sentences of life imprisonment without parole for those under the age of eighteen at the time of their crime violate the Eighth Amendment. *See id.* at 465. Petitioner was eighteen years old when he committed

2

the murder leading to his conviction and imprisonment for life, which makes *Miller* inapplicable to his case. *See In re: Felix Rosado,* 7 F.4th 152, 158-59 (3d Cir. 2021) ("*Miller* drew a firm line: 'those under 18' cannot be sentenced to mandatory life without parole."). Consequently, Petitioner is not entitled to a later starting date for the limitations period under § 2244(d)(1)(C). *See Leafey v. Kerestes,* 2014 WL 5823067, at *4 (E.D. Pa. Nov. 7, 2014) ("[H]abeas petitioners age eighteen or over at the time of their crimes cannot rely upon 28 U.S.C. 2244(d)(1)(C) to establish an alternate start date for the AEDPA statute of limitations.") (collecting cases). Given these circumstances, the one-year limitations period began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). Here, Petitioner's judgment of conviction became final on May 4, 1994, ninety days after the Delaware Supreme Court's February 3, 1994 decision affirming his convictions and sentences. However, because Petitioner's conviction became final prior to AEDPA's effective date of April 24, 1996, he benefits from a one-year grace period for timely filing habeas petitions, thereby extending the filing period through April 23, 1997.[1] *See McAleese v. Brennan,* 483 F.3d 206, 213 (3d Cir. 2007); *Douglas v. Horn,* 359 F.3d 257, 261 (3d Cir. 2004). Thus, Petitioner had until April 23, 1997 to timely file his Petition.

---

[1] Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001) (collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas,* 359 F.3d at 261 n.5 (citing Fed. R. Civ .P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, Petitioner filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

Petitioner waited until June 10, 2019 to electronically file the instant Petition, more than twenty-one years after the expiration of the limitations period. Therefore, his habeas Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones*, 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). In addition, a post-conviction motion that is untimely under state law is not properly filed for § 2244(d)(2) purposes and, therefore, has no statutory tolling effect. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Here, the Rule 61 motion Petitioner filed on March 22, 2013 has no statutory tolling effect for two reasons: (1) the Delaware state courts' denial of the Rule 61 motion as time-barred demonstrates that it was not properly filed for § 2244(d)(2) purposes; and (2) Petitioner filed the Rule 61 motion approximately sixteen years after the expiration of AEDPA's limitations period. Since Petitioner's Rule 61 motion does not have any statutory tolling effect, the Petition is time-barred, unless equitable tolling is applicable.

## B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 560 U.S. at 645. A petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[2] mere excusable neglect is insufficient. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Petitioner alleges that the limitations period should be equitably tolled because trial, appellate, and postconviction counsel provided ineffective assistance. (D.I. 1 at 13-14; D.I. 3 at 5-6) Although the Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes,[3] an "egregious error" generally includes instances in which an attorney fails to file an appeal after an explicit request from the petitioner,[4] "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter*, 384 F.3d at 76-77. Here, Petitioner's trial counsel pursued

---

[2] *Holland*, 560 U.S. at 648.

[3] *See Holland*, 560 U.S. at 635-54.

[4] *See Velazquez*, 277 F. App'x 258.

5

an appeal on Petitioner's behalf by filing a non-merits brief pursuant to Delaware Supreme Court Rule 26(c), and the record does not suggest trial/appellate counsel persistently neglected his case. (D.I. 11-2 at 4) As a result, Petitioner's allegations about trial/appellate counsel's performance do not amount to "egregious errors" warranting equitable tolling.

Petitioner's allegations regarding post-conviction counsel's ineffectiveness also fail to trigger equitable tolling. Post-conviction counsel was not appointed to represent Petitioner until April 2013, after the limitations period had already expired. As a result, the Court fails to see how post-conviction counsel's alleged ineffectiveness can account for Petitioner's nineteen year delay in pursuing his rights via a Rule 61 motion. Petitioner's reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012), does not alter the Court's conclusion. (*See* D.I. 3) The rule announced in *Martinez*, permits a petitioner to raise a procedurally defaulted claim of ineffective assistance of trial counsel where the default was caused by the ineffective assistance of post-conviction counsel. Yet, the *Martinez* decision does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period and cannot excuse a failure to file within the limitations period.

Petitioner also appears to argue that equitable tolling is warranted because he is "legally innocent," pursuant to the holdings in *Miller v. Alabama* and *Roper v. Simmons*, 543 U.S. 551 (2005).[5]

---

[5]More specifically, he asserts:

> What is clear is the fact that the United States Supreme Court decisions in *Miller v. Alabama* [], and *Roper v. Simmons*, [], *inter alia*, the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, which guarantees Petitioner due process, equal protection, effective assistance of counsel, a fair trial, a fair and impartial jury of his peers, freedom from cruel and unusual punishment, and a reliable sentence were violated, essentially permitting the use of acquitted conduct at the instant Petitioner's sentencing. Essentially, *Miller*, *Roper*, as well as the legal or constitutional axioms at play in this case means that the Government

Even if the Court could ignore the fact that *Miller* does not apply here because Petitioner was eighteen at the time of the crime, Petitioner's argument, though inventive, is unavailing. In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), the Supreme Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. Nevertheless, "tenable actual-innocence gateway pleas are rare," and a petitioner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In the Third Circuit, evidence is "new" for purposes of the *Schlup* standard only if it was not available at the time of trial and could not have been discovered earlier through the exercise of due diligence,[6] except in

---

> failed to prove Petitioner's guilt beyond a reasonable doubt. That standard of proof for adults, however, is much higher than what is required to prove juveniles at sentencing to life imprisonment. Therefore, Petitioner argues here that *Miller*, *Roper*, the United States Constitution's above referenced axioms [...] sets forth the concept of legal innocence. Under these controlling precedents, Petitioner has not been found legally guilty with all its attendant constitutional protections. Ergo factual guilt is insufficient. The category mistake here in Petitioner's case when one takes into account the new science used for juvenile lifers under *Miller*, *Roper*, the Constitution is to conflate the category of legal findings with that of factual findings. If one is acquitted of life without parole eligibility sentences for juveniles – a legal finding that the presumption of innocence is restored, period.

(D.I. 14 at 5-6)

[6]The circuits addressing the issue are split over what constitutes "new" evidence for *Schlup* purposes. The Eighth Circuit's interpretation of "new" evidence corresponds with the Third Circuit's, whereas the Seventh and the Ninth Circuits do not require the exercise of due diligence, and view "new"

7

situations in which that evidence was not discovered due to the ineffective assistance of trial counsel. *See Houck v. Stickman*, 625 F.3d 88, 93-94 (3d Cir. 2010). In turn, when determining if a petitioner's new evidence shows it is "more likely than not that no reasonable juror would have convicted him," a court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 538 (2006). In short, Petitioner's assertion of **legal** innocence does not warrant equitable tolling because he has not provided any new reliable evidence of his **actual** innocence.

Finally, Petitioner's failure to explain why he waited nineteen years to file his *pro se* Rule 61 motion and why he waited until June 2019 to file the instant Petition precludes him from demonstrating that he exercised the reasonable diligence necessary to trigger equitable tolling. To the extent Petitioner's untimely filing of the Petition was due to his own ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Based on the foregoing, the Court concludes that that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will dismiss the instant Petition as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal

---

` evidence as evidence that was not "presented" at trial. *See Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011) (collecting cases).

court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V.     CONCLUSION

For the reasons discussed, the State's Motion to Dismiss is **GRANTED**, and the instant Petition is **DISMISSED** as time-barred. An appropriate Order will be entered.